IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARISA PITTMAN, SHERRY PIKE AND ASHLEIGH WEBB, INDIVIDUALLY AND AS NEXT FRIEND FOR KINSLEIGH GARDNER, A MINOR CHILD<br>*Plaintiffs*<br><br>v.<br><br>BRADY'S WELDING AND MACHINE SHOP, INC.<br>BRADY TRUCKING, LLC<br>AND KENNETH BLACKWOOD<br>*Defendants* | § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00825 |

### **PLAINTIFFS' SECOND AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, MARISA PITTMAN, SHERRY PIKE, AND ASHLEIGH WEBB, INDIVIDUALLY AND AS NEXT FRIEND FOR KINSLEIGH GARDNER, A MINOR CHILD (hereinafter referred to as "PLAINTIFFS"), and files this their Second Amended Original Complaint complaining of BRADY'S WELDING AND MACHINE SHOP, INC., BRADY TRUCKING, LLC, and KENNETH BLACKWOOD (hereinafter referred to as "Defendants") and for cause of action would respectfully show unto the Court as follows:

### I.
### **JURISDICTION AND VENUE**

(1) This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c)(1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs, Marisa Pittman and Kinsleigh Gardner, a minor child are citizens of the State of Texas are permanent residents at 9045 CR 2170, Whitehouse,

Texas 75791. The Plaintiff, Sherry Pike, is a citizen of the State of Texas and is a permanent resident at 9031 CR 2170, Whitehouse, Texas 75791. The Plaintiff, Ashleigh Webb, is a citizen of the State of Texas and is a permanent resident at 9101 CR 2170, Whitehouse, Texas 75791. The Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. is a foreign corporation, organized and formed in the State of Oklahoma, is not a citizen of the State of Texas and has as its principal place of business 11991 Highway 76, Healdton, OK 73438. The Defendant, BRADY TRUCKING, LLC, is a foreign corporation, organized and formed in the State of Oklahoma, is not a citizen of the State of Texas and has as its principal place of business 11991 Highway 76, Healdton, OK 73438. The Defendant, BRADY TRUCKING, LLC has one member which is Michael Brady, an individual who resides in Oklahoma. Defendant, KENNETH BLACKWOOD, is not a citizen of the State of Texas and is a citizen of the state of Oklahoma residing at 15 Tiffany Lane, Shawnee, Oklahoma 74801.Therefore, complete diversity exists among the parties.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

(3)     The Plaintiffs are residents of Smith County, Texas.

(4)     Plaintiff, KINSLEIGH GARDNER is a minor child. The biological mother of KINSLEIGH GARDNER is ASHLEIGH WEBB and both are residents of Smith County, Texas.

(5)     The Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. is a foreign Corporation organized and existing under the laws of Oklahoma and service is not necessary

because BRADY'S WELDING AND MACHINE SHOP, INC. has previously made an appearance in this case.

(6) The Defendant, BRADY TRUCKING, LLC is a foreign Corporation organized and existing under the laws of Oklahoma and is not a citizen of the State of Texas, and is doing business in the State of Texas, and service is not necessary this time because BRADY TRUCKING,LLC has previously been served and has made an appearance in this case.

(7) Defendant, KENNETH BLACKWOOD, is an individual residing at 15 Tiffany Lane, Shawnee, Oklahoma 74801 and is at all material times hereto, was and service is not necessary because KENNETH BLACKWOOD has previously made an appearance in this case.

### III.
### FACTUAL ALLEGATIONS

(8) On or about August 3, 2024, Plaintiff, SHERRY PIKE, was operating a 2019 Gray Chevrolet Traverse bearing VIN # 1GNERFKW3KJ179493 and bearing Texas License Plate # TX LMP in a safe and prudent manner traveling Eastbound on Interstate Highway 20, in Smith County, Texas. Plaintiffs, MARISA PITTMAN and KINSLEIGH GARDNER, a minor, were passengers in the vehicle that SHERRY PIKE was operating. Defendant, KENNETH BLACKWOOD, an employee of the Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was also traveling Eastbound on Interstate Highway 20 when suddenly and without any warning a large unsecured metal battery box cover fell from the vehicle operated by KENNETH BLACKWOOD, striking multiple cars on the roadway, causing vehicles to take evasive action, and causing Plaintiff's vehicle to strike another vehicle as well as a concrete barrier. Defendant, KENNETH BLACKWOOD, and his employer, had a common law duty as well as statutory duties to inspect his vehicle, inspect his cargo, to properly and adequately secure cargo, and to ensure his commercial motor vehicle was in safe operating

condition.  Defendant BLACKWOOD knew the metal battery box cover was not properly and adequately secured.  Defendant BLACKWOOD knew there existed moderate to heavy traffic around his vehicle.  Defendant BLACKWOOD knew the unsecured and/or inadequately secured metal battery box cover was dangerous and unsafe to the motoring public and could give rise to a vehicular accident, which could lead to serious injuries and even death.  Despite such knowledge, he intentionally and consciously drove his vehicle in this unsafe condition, without adequate inspection, and ultimately caused the collisions in question.  Plaintiffs further contend that one of the reasons the metal battery box cover was unsecured and/or inadequately secured was the lack of training and inadequate training and supervision and control provided by his employer with regard to inspection of the vehicle and it's cargo and proper securement of cargo.  Plaintiffs further contend that one of the reasons Defendant failed to properly secure the metal battery box cover was because he was in a hurry and chose not to properly inspect his vehicle, trailer, and cargo.  Plaintiffs further contend, on information and belief, that one of the reasons Defendant did not realize the battery box cover was about to fall from his vehicle, is because Defendant was driving distracted by use of a cell phone.

(9)     Plaintiffs further contend that Defendant, KENNETH BLACKWOOD, as set out and pled for above, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to

Plaintiff. Plaintiffs further allege that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendant at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendant had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

(10) At all times relevant to this lawsuit, Defendant's employee, KENNETH BLACKWOOD, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

(11) At all times relevant to this lawsuit, Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

(12) At all times relevant to this lawsuit, Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was a "motor carrier" as defined by 49 U.S.C. §13102(14).

(13) At all times relevant to this lawsuit, Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was an "employer" as defined by 49 C.F.R. §390.5.

(14) At all times relevant to this lawsuit, KENNETH BLACKWOOD, was an "employee" of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC as per 49 C.F.R. §390.5.

(15) Further, at the time the accident made the basis of this lawsuit and at all times material hereto, KENNETH BLACKWOOD, was an employee of Defendant, BRADY'S

WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC and operating a commercial motor vehicle on behalf of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC under and by the authority of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC pursuant to Defendant, BRADY'S WELDING AND MACHINE SHOP, INC., Federal DOT Number 00238203.

## IV.
## CAUSE OF ACTION: DEFENDANT KENNETH BLACKWOOD

(16)   Plaintiffs incorporate by reference paragraphs 1 through 15 above.

(17)   Plaintiffs allege that the Defendant, KENNETH BLACKWOOD through his acts and/or omissions was negligent and such negligence was a proximate cause of the injuries in questions.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendant and its agents, servants, and/or employees:

   A. In failing to properly load the vehicle in a safe and/or secure, and/or prudent manner;

   B. In failing to properly inspect and/or secure the load and components of the load as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

   C. In failing to properly inspect and/or secure the load in question;

   D. In driving a commercial motor vehicle with the load inadequately or improperly secured;

   E. In negligently releasing components of the load onto the roadway;

   F. In failing to perform a pre-trip inspection required by statute and regulations and safe industry truck driving standards;

   G. In failing to perform the required 50/150 mile inspections required by statute and regulations and safe industry truck driving standards;

    H. In violating company safety policies, procedures, and rules;

    I. In violating company inspection, loading, and load securement policies, procedures, and rules;

    J. In failing to comply with the Federal Motor Carrier Safety Regulations, Texas Transportation Code Regulations, and industry practices regarding vehicle, trailer, and load inspection and cargo securement;

    K. In failing to properly maintain the trailer;

    L. In driving distracted through the use of a cellular telephone;

    M. In driving distracted through the use of a cellular telephone all in violation of state and federal law including but not limited to 49 CFR § 392.82.

    N. In traveling at an excessive rate of speed.

    O. Defendant was negligent in other respects.

(18) Defendant's employee, KENNETH BLACKWOOD acts and/or omissions also breached legislatively imposed standards of conduct, and thus constituted negligence per se[1]. In this regard, KENNETH BLACKWOOD, violated the standards of conduct set forth in the Federal Motor Carrier Safety Regulations and the Texas Transportation Code in one or more of the following ways:

    A. In violating 49 CFR § 392.2 which provides, "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated. However, if a regulation of the Federal Motor Carrier Safety Administration imposes a higher standard of care than that law, ordinance or regulation, the Federal Motor Carrier Safety Administration regulation must be complied with", which constitutes negligence;

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under the Federal Motor Carrier Safety Regulations and/or Texas law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto, was required to adhere to and a violation of same would have constituted negligence under common law.

B. In violating 49 CFR § 392.9 which provides a driver may not operate a commercial motor vehicle unless "(a)(1) the commercial motor vehicle's cargo is properly distributed and adequately secured as specified in § 393.100 through 393.136…(a)(2) the commercial motor vehicle's tailgate, tailboard, doors, tarpaulins, spare tire, and other equipment used in its operation, and the means of fastening the commercial motor vehicle's cargo are secured", which constitutes negligence;

C. In violating 49 CFR § 392.9 which provides a driver may not operate a commercial motor vehicle unless (b)(1) The Driver of a truck or truck tractor must assure himself/herself that the provisions of paragraph (a) of this section have been complied with before he/she drives that commercial motor vehicle, which constitutes negligence per se;

D. In violating 49 CFR §392.9 (b)(2) which requires that the driver of a truck or truck tractor must inspect the cargo and the devices used to secure the cargo within the first 50 miles after beginning a trip and cause any adjustments to be made to the cargo or load securement devices as necessary, including adding more securement devices, to ensure that cargo cannot shift on or within, or fall from the commercial motor vehicle;

E. In violating 49 CFR §392.9 (b)(3) which requires that the driver of a truck or truck tractor must reexamine the commercial motor vehicle's cargo and its load securement devices during the course of transportation and make any necessary adjustment to the cargo or load securement devices, including adding more securement devices, to ensure that cargo cannot shift on or within, or fall from, the commercial motor vehicle. Reexamination and any necessary adjustments must be made whenever—

   (i) The driver makes a change of his/her duty status; or
   (ii) The commercial motor vehicle has been driven for 3 hours; or
   (iii) The commercial motor vehicle has been driven for 150 miles, whichever occurs first.

F. In violating 49 CFR § 396.13 which states before driving a motor vehicle, the driver shall:
   (a) Be satisfied that the motor vehicle is in safe operating condition;
   (b) Review the last driver vehicle inspection report if required by § 396.11(a)(2)(i); and
   (c) Sign the report to acknowledge that the driver has reviewed it and that there is a certification that the required repairs have been performed. The signature requirement does not apply to listed defects on a towed unit which is no longer part of the vehicle combination.

G. In violating 49 CFR § 393.106 (b) which provides cargo must be firmly immobilized or secured on or within a vehicle by structures of adequate

      strength, dunnage or dunnage bags, shoring bars, tiedowns or a combination of these, which constitutes negligence;

H. In violating 49 CFR § 396.13 which provides "before driving a motor vehicle the driver shall: (a) be satisfied that the motor vehicle is in safe operating condition", which constitutes negligence;

I. In violating Texas Transportation Code Sec. 725.003(a) which provides "a person or the person's agent or employee may not transport loose material in violation of this chapter" which constituted negligence;

J. In violating Texas Transportation Code Sec. 725.021(a) which provides "a vehicle subject to this chapter shall be equipped and maintained as required by this section to prevent loose material from escaping by blowing or spilling" which constituted negligence;

K. In violating 49 CFR § 392.82 by using a handheld mobile device for voice communication which constitutes negligence per se.

(19) Plaintiff further states that the Defendant's employee, KENNETH BLACKWOOD's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

## V.
## PLAINTIFFS INVOKE THE DOCTRINE OF RES IPSA LOQUITUR

(20) Plaintiffs incorporate by reference all allegations contained in this Complaint. Plaintiffs allege that the nature of the occurrence and accident in question which occurred on August 3, 2024 itself furnishes and provides adequate circumstantial evidence of negligence on the part of the Defendants. Plaintiffs allege that (1) the character of the occurrence and accident in question is such that it would not have ordinarily occurred in the absence of negligence, and (2) the instrumentalities (commercial motor vehicle and load being operated and towed by the Defendant BLACKWOOD) causing the injuries was under the sole management, possession, and control of the Defendants at all times material hereto. Therefore, Plaintiffs invoke the Doctrine of Res Ipsa Loquitur because the nature of the

occurrence itself furnishes more than sufficient circumstantial evidence of negligence on the part of the Defendants.

## VI.
## CAUSE OF ACTION:
## DEFENDANTS BRADY'S WELDING AND MACHINE SHOP, INC. AND/OR BRADY TRUCKING, LLC

(21)    Plaintiff incorporates by reference paragraphs 1 through 20 above.

## VII.
## RESPONDEANT SUPERIOR

(22)    Plaintiff would further show that at the time of the accident made the basis of this lawsuit, KENNETH BLACKWOOD, was an employee of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC and acting within the course and scope of his employment for Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiff hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of KENNETH BLACKWOOD is imputed to Defendant, KENNETH BLACKWOOD and Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

(23)    Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, KENNETH BLACKWOOD, was, and is considered a statutory employee of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY

TRUCKING, LLC is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## VIII.
## PERMISSIVE USE

(24) Plaintiffs would further show that prior to the time the collision occurred, Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was the owner and was in possession, custody and control of the truck tractor driven by KENNETH BLACKWOOD, on the date of the accident made the basis of this lawsuit. On or about August 3, 2024, Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC directed KENNETH BLACKWOOD, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, KENNETH BLACKWOOD, operated said vehicle with the knowledge, consent and permission of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC.

## IX.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

(25) Plaintiffs would further show that Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was the owner of the vehicle that was being driven by Defendant KENNETH BLACKWOOD at the time of the occurrence made the basis of this lawsuit. Plaintiffs would also show that Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was negligent and grossly negligent in entrusting the commercial motor vehicles to Defendant KENNETH BLACKWOOD who was a careless, incompetent and reckless driver. Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known Kenneth Blackwood was a careless, incompetent, and reckless driver because, on information and belief, the Defendant,

KENNETH BLACKWOOD, had been involved in other vehicle accidents, had numerous traffic citations, had violations of the Federal Motor Carrier Safety Regulations, had a history of operating a commercial motor vehicle in a dangerous and reckless manner, and had a history of not properly inspecting the vehicle or its cargo and securement of the cargo.  KENNETH BLACKWOOD's prior history of these infractions placed Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC on actual notice (or it reasonably should have known) that Defendant KENNETH BLACKWOOD was a careless, incompetent and reckless driver.   Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC was negligent and grossly negligent in entrusting the commercial motor vehicle to its employee, Defendant KENNETH BLACKWOOD, and KENNETH BLACKWOOD was negligent and grossly negligent and his negligence was a proximate cause of the collision and the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

## X.
## NEGLIGENT AND GROSS NEGLIGENT
## HIRING, RETENTION, TRAINING AND CONTROL

(26)    Plaintiff further alleges that Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question.  Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC:

   a.   In hiring and/or retaining its employee driver because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or

should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

b. In allowing its employee to drive the vehicle in question because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD, had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

c. In failing to instruct, supervise, and control its employee driver because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

d. In failing to properly train the driver and his supervisors because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

e. In failing to properly train the driver and his supervisors regarding industry safety practices applicable to motor carriers and commercial vehicle operators because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

f. In failing to enforce the DOT Compliance Manual, industry standards, and the Federal Motor Carrier Safety Regulations and the Texas Transportation Code applicable to the operation in question because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

g. In failing to superintend, monitor and audit the performance of the operator and its supervisor given the history of unsafe acts and practices that preceded and post-dated the wreck because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo. Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

h. In failing to issue any disciplinary action, including terminating the driver regarding the unsafe practices because Defendant BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC knew or should have

      known that Defendant, KENNETH BLACKWOOD, was a careless, incompetent and reckless driver because Kenneth Blackwood had been involved in other vehicle accidents, had numerous traffic citations, and had a history of operating a commercial motor vehicle in a dangerous and reckless manner. Further, KENNETH BLACKWOOD had a history of not properly inspecting the vehicle or its cargo and securement of the cargo.  Further, Defendant knew or should have known that Kenneth Blackwood had a history of violating Safe Driving Practices as well as Federal Motor Carrier Safety Regulations relating to the safe operation of a motor vehicle.

  i.  In failing to properly train and instruct Kenneth Blackwood regarding vehicle inspections, load securement and distracted driving.

  j.  In failing to have policies and procedures in place to ensure cargo and freight was properly loaded and properly secured and to ensure compliance with such policies and procedures .

## XI.
## MALICE

(27)  Plaintiff further alleges that Defendant, BRADY'S WELDING AND MACHINE SHOP, INC. and/or BRADY TRUCKING, LLC by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff.  Plaintiff further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the

risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## XII.
## **DAMAGES**

(28) Plaintiff, MARISA PITTMAN, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(29) Plaintiff, SHERRY PIKE, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(30).    ASHLEIGH WEBB seeks the following damages sustained in the past, and in all reasonable probability will be sustained in the future by Plaintiff, KINSLEIGH GARDNER as a result of her injuries:

a. necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and device until KINSLEIGH GARDNER reaches the age of eighteen (18) years.

b. loss of earnings and loss of earning capacity until KINSLEIGH GARDNER reaches the age of eighteen (18) years.

(31).    Damages of the minor Plaintiff, KINSLEIGH GARDNER include past, and probable future loss, which includes:

a. pain and mental anguish;

b. physical and mental impairment;

c. disfigurement;

d. necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices that will in all reasonable probability be sustained in the future after KINSLEIGH GARDNER reaches the age of eighteen (18) years.

e. loss of earnings and earning capacity that will in all reasonable probability be sustained in the future after KINSLEIGH GARDNER reaches the age of eighteen (18) years.

(32)    Plaintiff respectfully requests a trial by jury on all issues.

(33)    Plaintiff seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,
*s/ Jimmy M. Negem, Sr.* _____

        Jimmy M. Negem, Sr.
        State Bar No. 14865500
        Joe M. Worthington
        State Bar No. 22009950
        Jimmy M. Negem, Jr.
        State Bar No. 24115371
        Nicholas M. Negem
        State Bar No. 24123713
        Negem & Worthington
        1828 E SE Loop 323
        Suite R – 1A
        Tyler, Texas 75701
        903.595.4466 (telephone)
        903.593.3266 (facsimile)
        Jimmy@Negemlaw.com
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing instrument was served upon all counsel of record in the above entitled and numbered cause this the 21st day of January 2026 in the following manner:

| __ | Via Facsimile | __ | Via First Class Mail |
| --- | --- | --- | --- |
| __ | Via Hand Delivery | __ | Via Certified Mail, Return Receipt Requested |
| _X_ | Via Electronic Mail | | |

        */s/ Jimmy M. Negem, Sr.*
        Jimmy M. Negem, Sr.