IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **MARISA PITTMAN, SHERRY PIKE,** § | | |
| **AND ASHLEIGH WEBB,** § | | |
| **INDIVIDUALLY AND AS NEXT FRIEND** § | | |
| **FOR KINSLEIGH GARDNER, A MINOR** § | | |
| **CHILD** § | | |
| *Plaintiffs*, § | | |
| § | | |
| **VS.** § | **CIVIL ACTION NO. 2:24-cv-00825** | |
| § | | |
| **BRADY'S WELDING AND MACHINE** § | | |
| **SHOP, INC., BRADY TRUCKING, LLC** § | | |
| **AND KENNETH BLACKWOOD** § | | |
| *Defendants*. § | | |

### DEFENDANTS BRADY'S WELDING AND MACHINE SHOP, INC., BRADY TRUCKING, LLC, AND KENNETH BLACKWOOD DESIGNATION OF EXPERTS

To:   Plaintiffs Marisa Pittman, Sherry Pike, and Ashleigh Webb, individually and as next friend for Kinsleigh Gardner, a minor child, (collectively, the "Plaintiffs") by and through their attorneys of record, Joe M. Worthington, Jimmy M. Negem, Sr., Jimmy M. Negem, Jr., and Nicholas M. Negem, of Negem & Worthington, 1828 E. SE Loop 323, Suite R-1A, Tyler, Texas 75701.

**COMES NOW** Defendants Brady's Welding and Machine Shop, Inc. ("Welding"), Brady Trucking, LLC ("Trucking"), and Kenneth Blackwood ("Blackwood") (collectively, the "Defendants" or "Responding Party"), by and through their attorneys, and pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure ("FRCP"), serves and files this Designation of Expert Witnesses in accordance with the applicable scheduling order of the Court.

Respectfully Submitted,

**MACDONALD DEVIN MADDEN KENEFICK HARRIS & QUINN, P.C.**

By: */s/ Kevin S. Kalra*
**John S. Kenefick**
State Bar No.: 24006294
JKenefick@macdonalddevin.com
**Kevin S. Kalra**
State Bar No.: 24128519
KKalra@macdonalddevin.com
12770 Coit Road, Suite 1100
Dallas, Texas 75251
TEL: (214) 744-3300
FAX: (214) 747-0942
**ATTORNEYS FOR DEFENDANTS BRADY'S WELDING AND MACHINE SHOP, INC., BRADY TRUCKING, LLC, AND KENNETH BLACKWOOD**

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the FRCP.

*/s/ Kevin S. Kalra*
**Kevin S. Kalra, Esq.**

*(Defendants' Designation of Experts to follow. Remainder of this page intentionally left blank.)*

# DEFENDANTS' DESIGNATION OF EXPERTS

**RETAINED TESTIFYING EXPERT:**

Defendants designate the following testifying experts that it has retained.

**1.**   Reynell Turner, Ph.D., CPC
Elevate Services, Inc.
2375 E. Camelback Rd.
Suite 690
Phoenix, AZ 85016
TEL: (213) 347-0203

Dr. Turner is a Certified Professional Coder with extensive qualifications to provide expert opinions as an auditor of medical billing and coding. She holds a Doctorate in Health Services with a concentration in public health policy from Walden University, a Bachelor of Science in Management from Coppin State College, and a Master of Business Administration from Strayer University. With over 35 years of experience in medical auditing, billing, and coding, Dr. Turner is highly qualified through her education, training, and practical experience to assess the usual and customary fees of medical care. Dr. Turner's expert witness report, credentials/qualifications, curriculum vitae, and compensation are produced in Defendants' production as BRADY_010040-010043.

Dr. Turner is expected to testify as to the medical billing, charges and payments, reasonable and customary charges, reasonable cost of care and reasonable value of medical services rendered to each of the Plaintiffs in the past and present related to the alleged injuries sustained in the underlying incident that forms the factual basis for this lawsuit (the "Incident"). Dr. Turner may also be called to testify in rebuttal to the testimony, reports, or work of the designated experts of other parties to this matter. Dr. Turner may further testify regarding any opinions expressed by any party's experts in their report(s), during their deposition(s) and/or at trial, regarding the medical billing, charges and payments, reasonable and customary charges, reasonable cost of care and reasonable value of medical services rendered to each of the Plaintiffs in the past and present related to the alleged injuries sustained in the Incident, and in response to questions posed by counsel to any party to this case within this same scope, and any other matters relevant to this case, also within this same scope.

A list of documents reviewed by Dr. Turner and forming the basis of her opinions is provided below. Defendants expressly reserve the right to supplement this designation, and the information contained herein if additional information and/or documents are received.

**List of Documents Reviewed by Dr. Reynell Turner:**
1. Plaintiff's live and active complaint in this cause.
2. All other filed pleadings in this cause.
3. Photographs, videos, audio recordings, and other documents and things produced by Plaintiffs during discovery in this cause.

4. Photographs, videos, audio recordings, and other documents and things produced by Defendants during discovery in this cause.
5. The current docket control order / scheduling order for this cause.
6. Plaintiff's initial and supplemental disclosures.
7. Defendants' initial and supplemental disclosures.
8. Plaintiff's objections, responses, and answers to Defendant's written discovery requests.
9. Defendants' objections, responses, and answers to Plaintiff's written discovery requests.
10. The depositions transcripts for Plaintiff Marisa Pittman, Plaintiff Sherry Pike, and Plaintiff Ashleigh Webb in this cause, along with any and all exhibits used during these depositions.
11. Medical Bills and Medical Records for Plaintiff Marisa Pittman.
12. Medical Bills and Medical Records for Plaintiff Sherry Pike.
13. Medical Bills and Medical Records for Kinsleigh Gardner, a minor child.
14. Texas Peace Officer's Crash Report dated Aug. 3, 2024.

## CROSS-DESIGNATION OF ALL EXPERT WITNESSES

Responding Party hereby cross-designates all retained and non-retained experts designated by any other party in this case and reserve the right to call such experts to testify and/or to rely upon the opinions or work of such experts with regard to any matter related to this case.

In the event that any party herein is no longer a party at trial, or any party chooses not to call any experts that a party has designated, or any party de-designates or withdraws the designation of any experts, Responding Party nonetheless reserves the right to call such experts to testify and/or to rely upon the opinions and work of such experts with regard to any matter related to this case. However, in making the foregoing designations and reservations, Responding Party does not necessarily accept, recognize, adopt, agree with, or validate any opinions disclosed, made, or offered by such experts and are not waiving their right to challenge the qualifications or opinions of such experts. Responding Party expressly reserves its right to supplement or amend this designation.

## RIGHT TO WITHDRAW

Responding Party expressly reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial or the final hearing, and to re-designate the same as a consulting expert, who cannot be called by an opposing party.

## RIGHT TO SUBSTITUTE

Responding Party expressly reserves the right to substitute any expert witness disclosed herein with a witness or witnesses of similar education, training, background and opinions, should such substitution be necessary by reason of the scheduling of the trial or final hearing of the case, the health of any expert witness disclosed herein, other professional commitments of any expert witness disclosed herein, or any other matter requiring substitution.

## RIGHT TO REBUTTAL WITNESSES

Responding Party expressly reserves the right to call undesignated expert witnesses in rebuttal, if necessary, whose identities and testimony cannot be reasonably foreseen until all parties to this suit have designated witnesses and/or presented evidence at trial or the final hearing.

## RIGHT TO SUPPLEMENT OR AMEND

Responding Party expressly reserves the right to supplement or amend this response within the time limits imposed by the FRCP, or any alterations of same by subsequent order or agreement of the parties. Specifically, Responding Party expressly reserves the right to supplement these designations should any other party in this cause provide discovery responses, or that new facts should be uncovered that would require supplementation of expert designations to avoid unfair prejudice at trial or the final hearing.

## ADDITIONAL RIGHTS RESERVED

Responding Party expressly reserves any and all additional rights with regard to expert witnesses and testimony under the FRCP and Federal Rules of Evidence.

*(Remainder of this page intentionally left blank.)*