IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARISA PITTMAN; SHERRY PIKE; and ASHLEY WEBB, INDIVIDUALLY AND AS NEXT FRIEND FOR KINSLEIGH GARDNER, A MINOR CHILD,<br>    *Plaintiffs*,<br><br>v.<br><br>BRADY'S WELDING AND MACHINE SHOP, INC.; BRADY TRUCKING, LLC; and KENNETH BLACKWOOD,<br>    *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:24-cv-00825 |

**DEFENDANTS' MOTION TO AMEND FIRST AMENDED DCO
AND SUPPLEMENT TO DEFENDANTS' MOTION TO EXTEND THEIR EXPERT
DEADLINE AND REQUEST FOR EXPEDITED RELIEF [DKT#26]**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

As a supplement to its timely-filed extension motion [Dkt.#26], Defendants Brady's Welding and Machine Shop, Inc., Brady Trucking, LLC, and Kenneth Blackwood provide further briefing and explanation in support of its request that the Court amend its *First Amended Docket Control Order* [Dkt.#23], extending Defendants' expert deadline by fifteen days from January 26, 2026, to February 10, 2026. This motion is presented as an emergency to avoid the imminent, irreparable harm of depriving Defendants of experts.

## I.
### BACKGROUND

This is a personal injury action arising out of a motor vehicle incident on August 3, 2024. Defendant Kenneth Blackwood, Jr. was operating a commercial vehicle owned by Defendant Brady Trucking, LLC, when the incident occurred. Plaintiffs allege that Blackwood failed to secure the load on his vehicle, resulting in a metal battery box becoming unsecured and falling into

the roadway. Plaintiffs allege that, due to the metal battery box falling from Blackwood's vehicle, they had to take evasive action, causing their vehicle to strike another vehicle as well as a concrete barrier, and alleging this caused them to sustain damages. This Court previously granted Plaintiffs a six-week extension of time with respect to the discovery deadline in this case, which Defendants did not oppose. [*See* Dkt.#22; Dkt.#23].

Defendants' current deadline to designate experts and produce reports is January 26, 2026. [*See* Dkt.#23]. As detailed below, Defendants' counsel was in trial in Hill County, Texas the week prior and the recent Dallas weather event forced counsel's office (and those of its experts) to close in the days prior. On the deadline date, Defendants timely requested an expedited review of this motion pursuant to Federal Rule of Civil Procedure 6a. [Dkt.#26].

## II.
### ARGUMENTS AND AUTHORITIES

**A.  This Court has authority to extend an expert deadline that has not yet passed at the time the party moves for relief**

This Court has authority to extend the time for Defendants to designate experts upon a showing of good cause, as Defendants moved for relief prior to the designation deadline passing. *See* FED. R. CIV. P. 6(b)(1)(A). District courts in the Fifth Circuit have recognized the significance of asking for leave prior to the deadline's expiration, holding, "If a request is made before the expiration of a deadline, this court grants additional time almost as a matter of course." *Casey v. Quality Rests. & Concepts*, 2012 U.S. Dist. LEXIS 111126, *4 (N.D. Miss. Aug. 8, 2012); *United States v. Cockerham*, 2016 U.S. Dist. LEXIS 98512, *3 (W.D.Tex. July 28, 2016) (noting the Court granted defendants' joint motion to extend expert deadlines, when filed on the day of the deadline); *Am. Airlines, Inc. v. Travelport Ltd.*, 2012 U.S. Dist. LEXIS 191139, *4 (N.D.Tex. Feb. 28, 2012) (allowing extension of various deadlines where there were delays in receiving requested

information, among other reasons alleged as "good cause").

B.  **Good cause exists to extend Defendants' expert deadline**

Here, good cause exists for this Court to amend the current DCO and extend Defendants' deadline. John Kenefick, the undersigned lead counsel for Defendants[1], was called to trial on January 20, 2026, in *Mack v. UFP Hillsboro, LLC, et al.*, cause number CV515-22DC, in the 66th Judicial District Court of Hill County, Texas. That trial concluded on Thursday, January 22, 2026, and the undersigned returned home to northeastern Collin County late in the evening with the intention of reaching out to retained experts in this case the next day regarding completion of their reports.

Unfortunately, due to Winter Storm Fern's approach on Friday, January 23, 2026, many businesses began closing early that day, including Kenefick's office. By late that evening, ice had closed many roads in North Texas and had begun to affect power and internet in some areas, affecting the ability of Kenefick and his office to work remotely and complete the expert designations by the deadline. Kenefick was unable to reach the retained experts that afternoon regarding their reports. On January 26, when it became clear Kenefick could not meet the existing deadline that day, he reached out to Plaintiffs' counsel to negotiate an extension of the expert deadline but was unable to make contact, so filed his extension motion. [Dkt.#26]. As of the filing of this supplement, roads remain blocked and internet access is uneven. Further, Dallas ISD and surrounding schools districts are closed again on Wednesday, January 28, as is Kenefick's office and those of experts as well. Defendants respectfully submit that these circumstances constitute good cause to amend the DCO and to extend the current expert deadline by fifteen days to February 10, 2026.

---

[1]  Kenefick had an associate assisting on this case who left the Firm in late December 2025, prior to Plaintiffs designating their experts on January 12, 2026. [Dkt.#24].

Plaintiffs' counsel advised that he is opposed to the requested extension. While not an element Defendants must prove to establish good cause for an extension, Plaintiffs will not be harmed by such an extension. This Court previously granted Plaintiffs a six-week extension of the discovery deadline, which Defendants did not oppose. [Dkt.#22]. This Court granted the extension, moving the discovery deadline to March 16, 2026. [Dkt.#23]. Defendants are asking for a fifteen-day extension and will agree to make their designated experts available for deposition in advance of the current February 23, 2026, mediation deadline.

### III.
#### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court grant this Motion on an expedited basis and enter an order extending the deadline for Defendants to designate its experts, and for general relief.

Respectfully submitted,

*/s/ John S. Kenefick*
**John S. Kenefick**
Texas Bar No. 24006294
JKenefick@MacdonaldDevin.com
**MACDONALD DEVIN MADDEN**
**KENEFICK HARRIS QUINN, PC**
12770 Coit Road, Suite 1100
Dallas, Texas 75251
214.744.3300 Telephone
214.747.0942 Facsimile
**Attorneys for Defendants**

## CERTIFICATE OF CONFERENCE

Pursuant to LOCAL RULE CV-7(i), on January 26, 2020, I attempted to contact Plaintiffs' counsel via telephone and email to confer regarding the relief sought in this motion. On the afternoon of January 27, 2026, Plaintiffs' counsel responded via email, advising he was opposed, stating, "At this late date I cannot agree to your request."

                                         */s/ John S. Kenefick*
                                         **John S. Kenefick**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of January 2026, a true and correct copy of the foregoing document was delivered via certified mail in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Texas.

                                         */s/ John S. Kenefick*
                                         **John S. Kenefick**